## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## IN AND FOR PINELLAS COUNTY, FLORIDA
### CIVIL DIVISION

| | |
|---|---|
| **KAYLEIGH COLEMAN,** *on behalf of herself and all others similarly situated,* | **Index No.:** |
| **PLAINTIFF,** | |
| **v.** | **JURY DEMAND** |
| **HEARTLAND RESOLUTION GROUP, LLC,** and **PENDRICK CAPITAL PARTNERS, LLC,** | |
| **DEFENDANTS.** | |

### CLASS ACTION COMPLAINT

Plaintiff Kayleigh Coleman ("Plaintiff" or "Ms. Coleman"), individually and on behalf of all others similarly situated, by and through the undersigned counsel, complains, states, and alleges for damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Florida Consumer Collections Practices Act, Fla Statute 559.55, *et seq.* ("FCCPA") against defendants Heartland Resolution Group, LLC and Pendrick Capital Partners, LLC, as follows:

### INTRODUCTION

1.     This action seeks to recover for violations of the FDCPA and the FCCPA.

2.     The FDCPA was enacted to protect citizens from such abuses by debt collectors, like the ones described in this Complaint, and to protect citizens like Plaintiff. "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

1

3.      The FDCPA protects consumers from abusive debt collection practices by regulating the conduct of debt collectors. *See Crawford v. LVNV Funding LLC*, 758 F.3d 1254, 1257 (11th Cir. 2014) (noting that "Congress passed the FDCPA in 1977 to stop the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" (internal quotation marks omitted)). To enforce its provisions, the FDCPA provides consumers with a private right of action against debt collectors who violate the Act. *Id.* at 1258.

4.      The 11th Circuit applies the "least-sophisticated consumer" standard. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193, 1201 (11th Cir. 2010) (explaining that the least-sophisticated consumer standard applies to determine whether a debt collector has violated §§ 1692e or 1692f of the FDCPA).

5.      Under the foregoing standard, a debt collector violates § 1692e by making a representation in a letter that would be deceptive or misleading to the "least sophisticated" recipient of the letter. *Id.* at 1193–95.

6.      Likewise, a collection practice violates § 1692f if it would be unfair or unconscionable as applied to the "least sophisticated" debtor subjected to the practice. *See id.* at 1201.

7.      The least-sophisticated consumer standard is intended to protect "all consumers, the gullible as well as the shrewd." *Id.* at 1194 (internal quotation marks omitted).

8.      After Congress passed the FDCPA, the Florida State legislature decided it wanted to go even further to protect its citizens from the rampant abuses perpetrated by debt collectors and creditors. To this end, the Florida State legislature passed the FCCPA. The FCCPA is designed to protect consumers from harassment like the type described herein, and to protect consumers like the Plaintiff. "In the event of any inconsistency between any provision of this part and any

provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." *Id.* at § 559.552.

## JURISDICTION AND VENUE

9.      This is an action for damages within the jurisdiction of this Court.

10.     This Court has jurisdiction pursuant to Section 26.012(2)(a), Florida Statutes, because this is an action for damages that exceeds $30,000 exclusive of interest, attorneys' fees, and costs.

11.     This Court also has jurisdiction over the Plaintiff's claim pursuant to Section 86.011, Florida Statutes.

12.     Venue is also proper in Pinellas County, Florida  pursuant to FL Stat. § 559.77(1) as a substantial part of the events or omissions giving rise to the claims occurred in this County and Plaintiff resides in this County.

13.     This Court has jurisdiction over defendants Heartland Resolution Group, LLC and Pendrick Capital Partners, LLC because they regularly transact business within this County, derive substantial revenue from services rendered in this County, have committed tortious acts within this County and have caused injury to persons within this County as described herein.

## PARTIES

14.     Plaintiff Kayleigh Coleman is an individual who is a citizen of the State of Florida residing in Pinellas County, Florida.

15.     Plaintiff is a natural person allegedly obligated to pay a debt.

16.     Plaintiff is a "consumer" as defined by the FDCPA and FCCPA.

17.     The alleged violations described in the Complaint with respect to Plaintiff occurred in Pinellas County, Florida, and with respect to proposed Class Members occurred throughout the State of Florida.

18.     Defendant Heartland Resolution Group, LLC ("Heartland") is an Delaware limited liability company that engages in the business of debt collection with a principal place of business in Fishers, Indiana and engages in the business of debt collection within this District.

19.     Heartland has transacted business within this state as is more fully set forth hereinafter in this Complaint.

20.     Heartland regularly collects or attempts to collect debts asserted to be owed to others.

21.     Heartland is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

22.     The principal purpose of Heartland's businesses is the collection of such debts.

23.     Heartland uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

24.     Heartland is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and FCCPA.

25.     Defendant Pendrick Capital Partners, LLC ("Pendrick") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Glens Falls, New York and engages in the business of debt collection within this District.

26.     Pendrick has transacted business within this state as is more fully set forth hereinafter in this Complaint.

27.     Pendrick regularly collects or attempts to collect debts asserted to be owed to others.

28.     Pendrick is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

29.     The principal purpose of Pendrick's businesses is the collection of such debts.

30.     Pendrick uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

31.     Pendrick is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and the FCCPA.

32.     Hereinafter, Heartland and Pendrick are collectively referred to as the "Defendants."

33.     The acts of Defendants as described in this Complaint were performed by Defendants or on Defendants' behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendants" in this Complaint shall means all Defendants or their owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

34.     Defendants allege that Plaintiff owes a debt or debts (the "alleged debt").

35.     The alleged debt does not arise from any business enterprise of Plaintiff.

36.     All of Defendants' collection actions at issue occurred within one year of the date of this Complaint.

37.     Defendants allege the alleged debt arose from a debt originally owed to Maritime ER Svcs Partnership, in the amount of $51.00, $34.00, and $1,397.00.

5

38.     Defendants allege, at some point, the alleged debt was sold, transferred, or assigned to Pendrick.

39.     At the time the alleged debt was sold, assigned, or otherwise transferred to Pendrick for collection, the alleged debt was in default.

40.     Debt scavengers purchase large portfolios of old, charged-off consumer debt from credit card companies or other debt scavenger for pennis on the dollar. These portfolios usually are without sufficient proof of the scavenger's legal right, title, and/or interest in the money sought. By paying so little for the debt, debt scavengers stand to make tremendous amounts of money when unsuspecting or easily confused consumers pay even a small portion of the money sought.

41.     Pendrick purchases large portfolios of charged-off consumer debt for pennies on the dollar. Many of these pools of debts are time barred and/or beyond the date of obsolescence, also known as zombie debts. Such portfolios rarely include account-level documentation, such as credit agreements signed by consumers, account notes, complete transaction history, or competent proof that the consumers actually owe the amount attributed to each consumer. These pools of accounts are often transferred with nothing more than a CSV file or Excel spreadsheet. Pendrick purchases these zombie debts as part of its pattern and practice of attempting to collect debts from unsuspecting consumers that do not remember if the debt is valid or not, so they can recover sums that they are not entitled to recover. In fact, Pendrick and/or the collection agencies it places the zombie debts with have a pattern and practice of providing consumers enticing settlements in an effort to secure quick payments from unwitting consumers who may not owe the debt or otherwise would dispute the debt.

42.     According to data provided by the Consumer Financial Protection Bureau (the "CFPB"), consumer complaints about debt buyers and collectors attempting to collect money not

actually owed by the consumer are by far the most common of all complaints received by the CFPB every year.

43.     Upon information and belief, Pendrick decided to utilize third party vendors to perform activities on its behalf, including, but not limited to, placing the alleged debt with Heartland for collection.

44.     The information conveyed by Pendrick to the third-party vendors, including Heartland, included Plaintiff's status as a debtor, the precise amount of the alleged debt, the entity to which Plaintiff allegedly owed the debt, and/or the fact that the alleged debt concerned a defaulted debt of Plaintiff, among other things.

45.     In fact, it is known that Pendrick is a debt collector and was attempting to collect a debt from Plaintiff.

46.     Pendrick's conveyance of the information regarding the alleged debt to the third-party vendors is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

47.     In its efforts to collect the alleged debt, Heartland decided to contact Plaintiff by written correspondence.

48.     Rather than preparing and mailing such written correspondence to Plaintiff on its own, Heartland decided to utilize a third-party vendor to perform such activities on its behalf.

49.     As part of its utilization of the third-party vendor, Heartland conveyed information regarding the alleged debt to the third-party vendor.

50.     The information conveyed by Heartland to the third-party vendor included Plaintiff's status as a debtor, the precise amount of the alleged debt, the entity to which Plaintiff allegedly owed the debt, and the fact that the alleged debt concerned a defaulted debt of Plaintiff.

51.   In fact, Heartland also conveyed it was a debt collector and was attempting to collect a debt from Plaintiff.

52.   Heartland's conveyance of the information regarding the alleged debt to the third-party vendor is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

53.   The third-party vendor then populated some or all this information into a prewritten template, printed, and mailed the letter to Plaintiff at Heartland's direction.

54.   That letter, dated February 10, 2022 (the "Letter"), was received and read by Plaintiff.

55.   The Letter, which conveyed information about the alleged Debt, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

56.   The FDCPA prohibits the sharing of information regarding a consumer "without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy…" *See* 15 U.S.C. § 1692c(b).

57.   In the relevant part, Section 1692c(b) states, "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." *See* 15 U.S.C. § 1692c(b).

58.   The sharing, transferring, or communicating of Plaintiff's information is prohibited by law.

59.   Plaintiff did not provide prior consent to Pendrick to the sharing of Plaintiff's information with third parties.

60.    Plaintiff did not provide prior consent to Heartland to the sharing of Plaintiff's information with third parties.

61.    Plaintiff did not provide her prior consent to the sharing of her information with the third-party letter vendor Heartland chose to convey information to regarding the alleged debt as part of its collection efforts.

62.    Plaintiff did not provide prior consent to the sharing of her information with any third-party.

63.    Plaintiff did not provide prior consent to the sharing of her information with Heartland.

64.    Defendants' intentional or negligent conduct of sharing, transferring, or communicating of Plaintiff's personal and sensitive information without Plaintiff's prior consent, caused an invasion into Plaintiff's individual privacy, which caused Plaintiff concern, embarrassment, anxiety, worry, sleeplessness, and emotional distress, causing Plaintiff to spend time to retain counsel, causing him loss of time.

65.    Plaintiff had to spend time in order to retain counsel to investigate Defendants' conduct described herein.

66.    The foregoing conduct of the Defendants violate the FDCPA, entitling Plaintiff to statutory damages and actual damages, along with reasonable attorneys' fees.

67.    The Letter alleges that Plaintiff owed the alleged debt to Pendrick in the amount of $1,482.00.

68.    Plaintiff did not owe money to Pendrick.

69.    Plaintiff was never indebted to Pendrick.

70.    Plaintiff did not owe $1,482.00 to Pendrick.

71.     Pendrick never offered to extend credit to Plaintiff.

72.     Pendrick never extended credit to Plaintiff.

73.     Plaintiff was never involved in any transaction with Pendrick.

74.     Plaintiff never entered into any contract with Pendrick.

75.     Plaintiff never did any business with Pendrick.

76.     Plaintiff was never advised by anyone that the alleged debt was sold to Pendrick.

77.     Plaintiff was never advised by anyone that the alleged debt was assigned to Pendrick.

78.     Plaintiff was never advised by anyone that the alleged debt was transferred Pendrick.

79.     Plaintiff was never advised by anyone that the alleged debt was acquired by Pendrick.

80.     Pendrick is a stranger to Plaintiff.

81.     Upon information and belief, Pendrick does not possess competent proof that any entity assigned to it all of that entity's interest in the alleged debt.

82.     Upon information and belief, Pendrick does not possess competent proof that any entity assigned to it the right to any proceeds from the alleged debt.

83.     Upon information and belief, Pendrick does not possess competent business records concerning the alleged debt from any entity that owned the alleged debt.

84.     Upon information and belief, Pendrick does not possess personal knowledge of the facts set forth in any business records concerning the alleged debt received from any entity that owned the alleged debt.

85.     Upon information and belief, Pendrick does not possess any credit agreement

between Plaintiff and any entity that owned the alleged debt.

86.     Upon information and belief, Pendrick does not possess any competent proof that Plaintiff agreed to pay the alleged debt.

87.     Upon information and belief, Pendrick does not possess any competent proof that Plaintiff is obligated to pay the alleged debt.

88.     Upon information and belief, Pendrick does not possess any competent proof that Plaintiff owed $1,482.00 at the time Pendrick ostensibly acquired the alleged debt.

89.     Upon information and belief, Pendrick does not possess any competent proof that $1,482.00 was accurate at the time Pendrick ostensibly acquired the alleged debt.

90.     Upon information and belief, Pendrick holds no legal right, title or interest in any debt Plaintiff allegedly owed.

91.     Upon information and belief, Defendants did not possess any competent proof that Plaintiff owed the alleged debt at the time Heartland attempted to collect the alleged debt from Plaintiff.

92.     Upon information and belief, Defendants did not possess any competent proof that the alleged debt was accurate at the time Heartland attempted to collect the alleged debt from Plaintiff.

93.     Upon information and belief, Defendant receives placement of hundreds or thousands of accounts in CSV files or Excel spreadsheets and merely uploads said accounts to its account management system without reviewing any of the information regarding any individual account or balance allegedly owed.

11

94.     Upon information and belief, after uploading pools of placement files to its account management system, it begins to attempt to collect the alleged debts without performing any inquiry into the account or balance allegedly owed.

95.     The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged debt.

96.     Under § 1692g(a) of the FDCPA, within five days of an initial communication with a consumer, a debt collector must provide a written notice, known as a "Validation Notice," that contains relevant information about the alleged debt and how to dispute it.

97.     Pursuant to the FDCPA § 1692g(a), the debt collector must:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1)     the amount of the debt;
>
> (2)     the name of the creditor to whom the debt is owed;
>
> (3)     a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4)     a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5)     a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

98.     Pursuant to Regulation F of 12 CFR § 1006.34(b)(3)(iv) "Validation period means the period starting on the date that a debt collector provides the validation information required by

paragraph (c) of this section and ending 30 days after the consumer receives or is assumed to receive the validation information. For purposes of determining the end of the validation period, the debt collector may assume that a consumer receives the validation information on any date that is at least five days (excluding legal public holidays identified in 5 U.S.C. 6103(a), Saturdays, and Sundays) after the debt collector provides it."

99.     The Letter states, in the relevant part, "**Call or write to us by March 22, 2022, to dispute all or part of the debt**. If you do not, we will assume that our information is correct."

100.    The Letter provided Plaintiff a deadline of March 22, 2022 to dispute the alleged debt, request validation, and/or request the name and address of the original creditor.

101.    Upon information and belief, the Letter was not mailed on February 10, 2022.

102.    Upon information and belief, the Letter was not mailed until sometime after February 10, 2022.

103.    Upon information and belief, the deadline for Plaintiff to dispute the alleged debt and/or request validation is not March 22, 2022.

104.    Upon information and belief, the deadline for Plaintiff to dispute the alleged debt and/or request validation is a later date.

105.    The Letter provides a dispute and validation deadline that is contrary to the Validation Notice of the FDCPA.

106.    Pursuant to the 15 U.S.C. § 1692g(b), in the relevant part, "... Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

107.    By providing a validation deadline date of March 22, 2022, Defendant overshadowed Plaintiff's rights.

108.    By providing a validation deadline date of March 22, 2022, Defendant does not provide Plaintiff the full 30 days.

109.    By providing a validation deadline date of March 22, 2022, Defendant shortened the requisite validation period.

110.    The Letter on the first page states, in the relevant part, **"Total of Accounts listed: $1,482.00."**

111.    The Letter in the second paragraph of the first page states, in the relevant part, "We are able to offer you the opportunity to pay these accounts for a reduced amount of $222.30…"

112.    The Letter is completely devoid of any information that informs the Plaintiff what will happen to the account(s) if Plaintiff pays the "reduced" amount.

113.    The Letter failed to inform Plaintiff what, if anything, will happen to the account(s) if Plaintiff pays the "reduced" amount.

114.    The Letter does not inform Plaintiff whatsoever what will happen to the account(s) if Plaintiff pays the discounted amount.

115.    Heartland's failure to inform Plaintiff what, if anything, will happen to the account(s) if Plaintiff pays the "reduced" amount was misleading and/or deceptive.

116.    The Letter on the second page states, in the relevant part, **"This disclosure applies to the account(s) noted with \*:** The law limits how long you can be sued on a debt. Because of the age of your debt, you cannot be sued for it. In many circumstances, you can renew the debt and start the time period for the filing of a lawsuit against you if you take specific action such as

making a written promise to pay. You should determine the effect of any actions you take with respect to this debt." *Emphasis added.*

117.    There are three (3) accounts listed in the Letter on the first and second page and none of the accounts have an asterisk noted next to the account.

118.    Upon information and belief, all of the accounts listed are beyond the legal statute of limitations.

119.    Failing to provide clear and conspicuous notice to Plaintiff that the account(s) were beyond the legal statute of limitations was false, misleading, and/or deceptive.

120.    Defendants' conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendants' conduct.

121.    Plaintiff justifiably fears that, absent this Court's intervention, Defendants will continue to use abusive, deceptive, unfair, and unlawful means in its attempts to collect the alleged debt and other alleged debts.

122.    Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff unwarranted economic harm.

123.    Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff unwarranted harm to Plaintiff's credit rating.

124.    Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff to be sued.

125.    A favorable decision herein would serve to deter Defendants from further similar conduct.

**FIRST COUNT**
**Violation of §§ 1692c(b) & 1692f of the FDCPA by Defendants**

126.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

127.     15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

128.     The third-party vendor does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

129.     Plaintiff never consented to Pendrick's communication with the third-party vendor concerning the alleged debt.

130.     Plaintiff never consented to Pendrick's communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

131.     Plaintiff never consented to Pendrick's communication with anyone concerning the alleged debt or concerning Plaintiff's personal and/or confidential information.

132.     Upon information and belief, Pendrick has utilized a third-party vendor for these purposes thousands of times.

133.     Pendrick utilizes a third-party vendor in this regard for the sole purpose of maximizing its profits.

134.     Pendrick utilizes a third-party vendor without regard to the propriety and privacy of the information which it discloses to such third-party.

135.     Pendrick utilizes a third-party vendor with reckless disregard for the harm to Plaintiff and other consumers that could result from Pendrick's unauthorized disclosure of such private and sensitive information.

136.   Pendrick violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged debt to the third-party vendor.

137.   Plaintiff never consented to Heartland's communication with the third-party vendor concerning the alleged debt.

138.   Plaintiff never consented to Heartland's communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

139.   Plaintiff never consented to Heartland's communication with anyone concerning the alleged debt or concerning Plaintiff's personal and/or confidential information.

140.   Upon information and belief, Heartland has utilized a third-party vendor for these purposes thousands of times.

141.   Heartland utilizes a third-party vendor in this regard for the sole purpose of maximizing its profits.

142.   Heartland utilizes a third-party vendor without regard to the propriety and privacy of the information which it discloses to such third-party.

143.   Heartland utilizes a third-party vendor with reckless disregard for the harm to Plaintiff and other consumers that could result from Heartland's unauthorized disclosure of such private and sensitive information.

144.   Heartland violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged debt to the third-party vendor.

145.   Section 1692f of the FDCPA provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt", and underscores "the general application of" such prohibition.

146.   The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

147.   Defendants disclosed Plaintiff's private and sensitive information to the third-party vendors.

148.   Defendants violated 15 U.S.C. § 1692c(b) when they disclosed information about Plaintiff's alleged debt to the third-party vendor.

149.   For the foregoing reasons, Defendants violated 15 U.S.C. § 1692f and is therefore liable to Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendants as follows:

    a.   Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

    b.   Awarding actual damages;

    c.   Awarding costs and attorneys' fees; and

    d.   Any other and further relief as this Court deems just and equitable.

## SECOND COUNT
### Violation of 15 U.S.C. §§ 1692g(a) and 1692g(b) by Heartland

150.   Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

151.   15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

152.   As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide a statement of the amount of the debt.

18

153.    To comply with 15 U.S.C. § 1692g(a)(1), the statement of the amount of the debt must accurately set forth the actual amount of the debt.

154.    A statement of the amount of the debt, when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

155.    As set forth above, Plaintiff did not owe $1,482.00.

156.    As such, Heartland did not accurately set forth the actual amount of the alleged debt as required by 15 U.S.C. § 1692g(a)(1).

157.    In sum, Heartland's statement of the amount of the alleged debt, when Plaintiff did not owe that amount, violates 15 U.S.C. § 1692g(a)(1).

158.    As also relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide a statement of the name of the creditor to whom the debt is owed.

159.    To comply with 15 U.S.C. § 1692g(a)(2), the statement of the name of the creditor to whom the debt is owed must accurately set forth the name of the entity that actually owns the debt.

160.    A statement of the name of the creditor to whom the debt is owed, when the consumer does not owe money to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

161.    As set forth above, Plaintiff did not owe money to Pendrick.

162.    As such, Heartland did not accurately set forth the name of the entity that actually owns the debt as required by 15 U.S.C. § 1692g(a)(2).

163.    In sum, Heartland's statement that Pendrick was the name of the creditor to whom the alleged debt was owed, when Plaintiff did not owe any money to Pendrick, violates 15 U.S.C. § 1692g(a)(2).

164.    15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

165.    Pursuant to the 15 U.S.C. § 1692g(b), in the relevant part, "... Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

166.    The Letter provides a dispute and validation deadline that is contrary to the Validation Notice of the FDCPA.

167.    The Letter states, in the relevant part, **"Call or write to us by March 22, 2022, to dispute all or part of the debt**. If you do not, we will assume that our information is correct."

168.    Upon information and belief, based upon Plaintiff's receipt of the Letter, the Letter was mailed after February 10, 2022.

169.    As such, Heartland did not accurately set forth the deadline for Plaintiff to dispute the alleged debt as required by 15 U.S.C. § 1692g(a)(3).

170.    Pursuant to Regulation F of 12 CFR § 1006.34(b)(3)(iv) "Validation period means the period starting on the date that a debt collector provides the validation information required by paragraph (c) of this section and ending 30 days after the consumer receives or is assumed to receive the validation information. For purposes of determining the end of the validation period, the debt collector may assume that a consumer receives the validation information on any date that is at least five days (excluding legal public holidays identified in 5 U.S.C. 6103(a), Saturdays, and Sundays) after the debt collector provides it."

171.    By providing a concrete deadline, not taking into consideration the FDCPA validation period, as well as 12 CFR § 1006.34(b)(3)(iv), Heartland has shortened the requisite validation period and overshadowed Plaintiff's rights.

172.    For the foregoing reasons, Heartland violated 15 U.S.C. §§ 1692g, 1692g(a)(1), 1692g(a)(2), 1692g(a)(3), and 1692g(b), and is liable to Plaintiff therefor.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Heartland as follows:

>   a. Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);
>
>   b. Awarding actual damages;
>
>   c. Awarding costs and attorneys' fees; and
>
>   d. Any other and further relief as this Court deems just and equitable.

### THIRD COUNT
### Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f by Heartland

173.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

174.    15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

175.    15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

176.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

177.    An allegation by a debt collector that a consumer owes a debt to a certain entity when the consumer does not owe a debt to that entity is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

178.     An allegation by a debt collector that a consumer owes a certain amount of money when the consumer does not owe that amount is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

179.     As set forth above, Plaintiff did not owe $1,482.00.

180.     As set forth above, Plaintiff did not owe money to Pendrick.

181.     As such, Heartland's allegation that Plaintiff owed $1,482.00 is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged debt in violation of 15 U.S.C. § 1692e.

182.     Heartland's allegation that Plaintiff owed money to Pendrick is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged debt in violation of 15 U.S.C. § 1692e.

183.     Heartland's allegation that Plaintiff owed $1,482.00 is a false representation of the character, amount, and/or legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2)(A).

184.     Heartland's allegation that Plaintiff owed money to Pendrick is a false representation of the character, amount, and/or legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2)(A).

185.     Heartland's allegation that Plaintiff owed $1,482.00 is a false representation made in an attempt to collect the alleged debt in violation of 15 U.S.C. § 1692e(10).

186.     Heartland's allegation that Plaintiff owed money to Pendrick is a false representation made in an attempt to collect the alleged debt in violation of 15 U.S.C. § 1692e(10).

187.     The Letter on the first page states, in the relevant part, "**Total of Accounts listed: $1,482.00**."

188.    The Letter in the second paragraph of the first page states, in the relevant part, "We are able to offer you the opportunity to pay these accounts for a reduced amount of $222.30…"

189.    The Letter is completely devoid of any information that informs the Plaintiff what will happen to the account(s) if Plaintiff pays the "reduced" amount.

190.    The Letter failed to inform Plaintiff what, if anything, will happen to the account(s) if Plaintiff pays the "reduced" amount.

191.    The Letter does not inform Plaintiff whatsoever what will happen to the account(s) if Plaintiff pays the discounted amount.

192.    Heartland's failure to inform Plaintiff what, if anything, will happen to the account(s) if Plaintiff pays the "reduced" amount was misleading and/or deceptive, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

193.    The Letter on the second page states, in the relevant part, **"This disclosure applies to the account(s) noted with** *: The law limits how long you can be sued on a debt. Because of the age of your debt, you cannot be sued for it. In many circumstances, you can renew the debt and start the time period for the filing of a lawsuit against you if you take specific action such as making a written promise to pay. You should determine the effect of any actions you take with respect to this debt." *Emphasis added.*

194.    There are three (3) accounts listed in the Letter on the first and second page and none of the accounts have an asterisk noted next to the account.

195.    Upon information and belief, all of the accounts listed are beyond the legal statute of limitations.

196.    Heartland failed to provide clear and conspicuous notice to Plaintiff that the account(s) were beyond the legal statute of limitations, rending the Letter false, misleading, and/or deceptive in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10).

197.    Heartland's failure to provide clear and conspicuous notice to Plaintiff that the account(s) were beyond the legal statute of limitations, while offering Plaintiff a reduced payment offer was false, misleading, and/or deceptive in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10).

198.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate.

199.    A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

200.    Section 1692f of the FDCPA provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt", and underscores "the general application of" such prohibition.

201.    Offer Plaintiff a "reduced" payment offer on a time-barred debt without informing Plaintiff what, if anything, will happen to the account(s) should Plaintiff accept the offer is unfair or unconscionable means in an attempt to collect an alleged debt, in violation of 15 U.S.C. § 1692f.

202.    Failing to provide Plaintiff clear and conspicuous notice that the account(s) were beyond the legal statute of limitations is unfair or unconscionable means in an attempt to collect an alleged debt, in violation of 15 U.S.C. § 1692f.

203.    The foregoing statement is unfair or unconscionable means in an attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

204.    For the foregoing reasons, Heartland violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f and are liable to Plaintiff therefor.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Heartland as follows:

      a.  Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

      b.  Awarding actual damages;

      c.  Awarding costs and attorneys' fees; and

      d.  Any other and further relief as this Court deems just and equitable.

## FOURTH COUNT
### Violation of § 559.72(9) of the FCCPA by Defendants

205.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

206.    Section 559.72(9) of the FCCPA provides that a debt collector shall not: *"Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."*

207.    Plaintiff did not owe $1,482.00.

208.    Plaintiff did not owe any money to Pendrick.

209.    Defendants violated Section 559.72(9) of the FCCPA.

210.    Defendants' violation of Section 559.72(9) of the FCCPA renders each liable to Plaintiff for actual and statutory damages, costs, and reasonable attorneys' fees.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendants as follows:

      a.  Awarding statutory damages as provided by Fla. Stat. § 559.77;

      b.  Awarding actual damages;

      c.  Awarding costs and attorneys' fees;

d.   Any other and further relief as this Court deems just and equitable.

## CLASS ALLEGATIONS

211.   Plaintiff brings this action individually and as a class action on behalf of all consumers similarly situated in the State of Florida.

212.   Plaintiff seeks to certify classes of:

**Class 1:** All consumers where Pendrick sent information concerning the consumer's debt to Heartland without obtaining the prior consent of the consumer, which disclosure was made on or after a date one year prior to the filing of this action to the present.

**Class 2:** All consumers where Heartland sent information concerning the consumer's debt to a third-party vendor without obtaining the prior consent of the consumer, which disclosure was made on or after a date one year prior to the filing of this action to the present.

**Class 3:** All consumers where Heartland sent a letter substantially similar to the Letter that offered a reduced payment offer but failed to inform the consumer what, if anything, would happen to the account if the consumer accepted the offer, which letter was sent on or after a date one year prior to the filing of this action to the present.

213.   This class action seeks a finding that Defendants' conduct violates the FDCPA and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

214.   Each Class consists of more than thirty-five persons.

215.   Plaintiff's claims are typical of the claims of each Class.  Common questions of law or fact raised by this action affect all members of each Class and predominate over any individual

26

issues. Common relief is therefore sought on behalf of all members of each Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

216.    The prosecution of separate actions by individual members of each Class would create a risk of inconsistent or varying adjudications with respect to the individual members of each Class, and a risk that any adjudications with respect to individual members of each Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to each Class as a whole such that declaratory relief is warranted.

217.    Plaintiff will fairly and adequately protect and represent the interests of the Classes. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Classes, because Defendants' conduct was perpetrated on all members of the Classes and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

218.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered:

- a. Certifying this action as a class action; and
- b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel; and
- c. Finding Defendant, Heartland Resolution Group, LLC's actions violate the FDCPA; and
- d. Finding Defendant, Pendrick Capital Partners, LLC actions violate the FDCPA; and
- e. Damages pursuant to 15 U.S.C. § 1692k; and

27

f.  The costs of this action and attorneys' fees pursuant to 15 U.S.C. § 1692k; and

g.  Finding Defendant, Heartland Resolution Group, LLC's actions violate the FCCPA; and

h.  Finding Defendant, Pendrick Capital Partners, LLC actions violate the FCCPA; and

i.  Damages pursuant to § 559.77(2) of the FCCPA; and

j.  The costs of this action and attorneys' fees pursuant to Florida Stat. § 559.77(2); and

k.  Punitive damages pursuant to the FCCPA;

l.  Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

m. Such other and further relief that the Court determines is just and proper.

Dated: March 17, 2022                        Respectfully Submitted,

                                             /s/: *Jason Tenenbaum*
                                             Jason Tenenbaum, Esq.
                                             Tenenbaum Law Group, PLLC
                                             1600 Ponce De Leon Blvd.
                                             10th Floor
                                             Coral Gables, FL 33134
                                             PH: (305) 402-9529
                                             FAX: (786) 292-1948

                                             *Attorneys for Plaintiff*